Brian Spitz SBN 0068816
John Heffernan SBN 0067354
THE SPITZ LAW FIRM, LLC
4568 Mayfield Rd, Suite 102
Cleveland, OH 44121
Telephone: 216.291.8711
Facsimile: 216.291.5744

Thomas J. Samaha SBN 130418
SAMAHA LAW FIRM, Professional Corp.
2550 Honolulu Ave., Suite 104
Montrose, CA 91020
Mailing Address: P.O. Box 128, La Canada, CA 91012
Telephone: 818.541.1101
Facsimile: 818.541.1121

*Attorneys for Defendant John Wayne Lewandowski*

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIO LAVANDEIRA, dba PEREZ HILTON,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN WAYNE LEWANDOWSKI, ET AL.,<br><br>Defendants. | Case No.: CV-08-3074-GHK<br><br>JUDGE GEORGE H. KING<br><br>**ANSWER OF DEFENDANT JOHN LEWANDOWSKI TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

For his Answer to Plaintiff's First Amended Complaint, Defendant Jonathan Wayne Lewandowski, aka Jonathan Jaxson, aka Jonathan Taylor states for his answer to Plaintiff's Complaint:

**INTRODUCTION**

1. Lewandowski denies the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2. Lewandowski denies the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. Lewandowski is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. Lewandowski admits that he is the former publicist of the musical group The Backstreet Boys. Further answering, Lewandowski denies the remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint.

**PRELIMINARY ALLEGATIONS**

5. Lewandowski is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. Lewandowski admits that he is a resident of the State of Florida. Lewandowski is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. Lewandowski denies the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Lewandowski denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. Lewandowski denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. Lewandowski is without knowledge or information sufficient to form a belief as to whether or not the Los Angeles County Superior Court "is the proper court for trial of this matter" as set forth in Paragraph 10 of Plaintiff's Complaint. Lewandowski denies the remaining allegations set forth in Paragraph 10 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION**
**(For libel against all Defendants)**

11. Lewandowski reasserts and realleges his answers and responses to Paragraphs 1-10 of Plaintiff's Complaint as if herein fully restated.

12. Lewandowski denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint and states in response to each subparagraph of Paragraph 12 as follows:

a. Lewandowski admits to stating his opinion that Plaintiff had "used" him. Lewandowski denies the remaining allegations set forth in Paragraph 12(a) of Plaintiff's Complaint.

b. Lewandowski admits that he sent videos of himself to Plaintiff. Lewandowski denies the remaining allegations set forth in Paragraph 12(b) of Plaintiff's Complaint.

c. Lewandowski admits to stating his opinion that Plaintiff had "used" him. Lewandowski denies the remaining allegations set forth in Paragraph 12(c) of Plaintiff's Complaint.

d. Lewandowski admits that he sent tapes and/or photographs of himself to Plaintiff. Lewandowski denies the remaining allegations set forth in Paragraph 12(d) of Plaintiff's Complaint.

e. Lewandowski admits to stating his opinion that Plaintiff had "manipulated" him. Lewandowski denies the remaining allegations set forth in Paragraph 12(e) of Plaintiff's Complaint.

f. Lewandowski admits stating the opinion set forth in Paragraph 12(f) of Plaintiff's Complaint. Lewandowski denies the remaining allegations set forth in Paragraph 12(f) of Plaintiff's Complaint.

g. Lewandowski admits stating the opinion set forth in Paragraph 12(g) of Plaintiff's Complaint. Lewandowski denies the remaining allegations set forth in Paragraph 12(g) of Plaintiff's Complaint.

13. Lewandowski denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Lewandowski denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. Lewandowski is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Lewandowski denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Lewandowski denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Lewandowski denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
**(For slander against all Defendants)**

19. Lewandowski reasserts and realleges his answers and responses to Paragraphs 1-18 of Plaintiff's Complaint as if herein fully restated.

20. Lewandowski denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. Lewandowski denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Lewandowski denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Lewandowski denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Lewandowski denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Lewandowski denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Lewandowski denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

**THIRD CAUSE OF ACTION**
**(For slander against all Defendants)**

27. Lewandowski reasserts and realleges his answers and responses to Paragraphs 1-26 of Plaintiff's Complaint as if herein fully restated.

28. Lewandowski admits to participating in a radio interview on or about April 11, 2008. Without a transcript of the radio interview setting forth the exact statements made during that radio interview, Lewandowski is without knowledge or information sufficient to form a belief as to the quoted material and remaining allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. Lewandowski is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. Lewandowski denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. Lewandowski denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. Lewandowski denies the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33. Lewandowski denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. Lewandowski denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

**FOURTH CAUSE OF ACTION**
**(For invasion of privacy – intrusion, against all Defendants)**

35. Lewandowski reasserts and realleges his answers and responses to Paragraphs 1-34 of Plaintiff's Complaint as if herein fully restated.

36. Lewandowski admits that the post quoted in Paragraph 36 of Plaintiff's Complaint appeared on Lewandowski's blog. Lewandowski denies the remaining allegations set forth in Paragraph 37 of Plaintiff's Complaint.

37. Lewandowski admits that the post quoted in Paragraph 37 of Plaintiff's Complaint appeared on Lewandowski's blog. Lewandowski denies the remaining allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38. Lewandowski denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39. Lewandowski denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40. Lewandowski is without knowledge or information sufficient to form a belief as to how Plaintiff uses, and/or to what use Plaintiff puts, his cell phone as set forth in Paragraph 40

of Plaintiff's Complaint. Lewandowski denies the remaining allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41. Lewandowski denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42. Lewandowski denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

**FIFTH CAUSE OF ACTION**
**(For invasion of privacy – public disclosure of private facts against all Defendants)**

43. Lewandowski reasserts and realleges his answers and responses to Paragraphs 1-42 of Plaintiff's Complaint as if herein fully restated.

44. Lewandowski denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45. Lewandowski denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46. Lewandowski denies the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47. Lewandowski denies the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48. Lewandowski is without knowledge or information sufficient to form a belief as to how Plaintiff uses, and/or to what use Plaintiff puts, his cell phone as set forth in Paragraph 48 of Plaintiff's Complaint. Lewandowski denies the remaining allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49. Lewandowski denies the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50. Lewandowski denies the allegations set forth in Paragraph 50 of Plaintiff's Complaint.

**SIXTH CAUSE OF ACTION**
**(For civil harassment against all Defendants)**

51. Lewandowski reasserts and realleges his answers and responses to Paragraphs 1-50 of Plaintiff's Complaint as if herein fully restated.

52. Lewandowski denies the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53. Lewandowski denies the allegations set forth in Paragraph 53 of Plaintiff's Complaint.

54. Lewandowski denies the allegations set forth in Paragraph 54 of Plaintiff's Complaint.

55. Lewandowski is without knowledge or information sufficient to form a belief as to how Plaintiff uses, and/or to what use Plaintiff puts, his cell phone as set forth in Paragraph 55 of Plaintiff's Complaint. Lewandowski denies the remaining allegations set forth in Paragraph 55 of Plaintiff's Complaint.

56. Lewandowski is without knowledge or information sufficient to form a belief as to how Plaintiff uses, and/or to what use Plaintiff puts, his cell phone as set forth in Paragraph 56 of Plaintiff's Complaint. Lewandowski denies the remaining allegations set forth in Paragraph 56 of Plaintiff's Complaint.

57. Lewandowski denies the allegations set forth in Paragraph 57 of Plaintiff's Complaint.

**SEVENTH CAUSE OF ACTION**
**(For intentional infliction of emotional distress against all Defendants)**

58. Lewandowski reasserts and realleges his answers and responses to Paragraphs 1-57 of Plaintiff's Complaint as if herein fully restated.

59. Lewandowski denies the allegations set forth in Paragraph 59 of Plaintiff's Complaint.

60. Lewandowski denies the allegations set forth in Paragraph 60 of Plaintiff's Complaint.

61. Lewandowski is without knowledge or information sufficient to form a belief as to how Plaintiff uses, and/or to what use Plaintiff puts, his cell phone as set forth in Paragraph 61 of Plaintiff's Complaint. Lewandowski denies the remaining allegations set forth in Paragraph 61 of Plaintiff's Complaint.

62. Lewandowski denies the allegations set forth in Paragraph 62 of Plaintiff's Complaint.

63. Lewandowski is without knowledge or information sufficient to form a belief as to how Plaintiff uses, and/or to what use Plaintiff puts, his cell phone as set forth in Paragraph 63 of Plaintiff's Complaint. Lewandowski denies the remaining allegations set forth in Paragraph 63 of Plaintiff's Complaint.

64. Lewandowski denies the allegations set forth in Paragraph 64 of Plaintiff's Complaint.

65. Lewandowski denies any allegations contained in the Prayer for Relief following Paragraph 65 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Defendant affirmatively alleges that Plaintiff's Complaint is barred, in whole or in part, because Plaintiff cannot prove the falsity of any alleged statement made by Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant affirmatively alleges that Plaintiff's Complaint is barred, in whole or in part, because any alleged defamatory statements set forth in Plaintiff's Complaint were, at all times applicable to Plaintiff's Complaint, true.

### THIRD AFFIRMATIVE DEFENSE

3. Defendant affirmatively alleges that Plaintiff's Complaint is barred, in whole or in part, because any alleged defamatory statement set forth in Plaintiff's Complaint were, at all times applicable to Plaintiff's Complaint, permitted as any such alleged statements were subject to a privilege, absolute or qualified.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendant affirmatively alleges that Plaintiff's Complaint is barred, in whole or in part, because any alleged defamatory statement set forth in Plaintiff's Complaint were non-actionable opinion.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendant affirmatively alleges that Plaintiff's Complaint fails to set forth a cause of action upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendant affirmatively alleges that Plaintiff's Complaint is barred as this Court lacks personal jurisdiction over Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Defendant affirmatively alleges that Plaintiff's Complaint is barred, in whole or in part, because any alleged defamatory statement set forth in Plaintiff's Complaint were retracted in such a manner such that Plaintiff suffered no damages and/or any good reputation claimed by Plaintiff was not harmed, but was enhanced by such retraction.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Defendant affirmatively alleges that Plaintiff's Complaint is barred, in whole or in part, because any alleged defamatory statements set forth in Plaintiff's Complaint were made with Plaintiff's implied or express consent.

**NINTH AFFIRMATIVE DEFENSE**

9. Defendant affirmatively alleges that Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

10. Defendant affirmatively alleges that Plaintiff's Complaint is barred, in whole or in part, by his own comparative negligence.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Defendant affirmatively alleges that Plaintiff's Complaint is barred, in whole or in part, by the doctrine of primary assumption of the risk.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Defendant affirmatively alleges that Plaintiff's Complaint is barred, in whole or in part, by the doctrine of implied assumption of the risk.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Defendant affirmatively alleges that Plaintiff's Complaint is barred, in whole or in part, by the negligence of third parties over whom Defendant has no custody or control.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Defendant affirmatively alleges that Plaintiff has not been damaged as a result of any alleged actions or inactions of Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Defendant affirmatively alleges that Plaintiff's claims are barred by Plaintiff's failure to mitigate damages or that the damages must be reduced by the Plaintiff's failure to mitigate damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Defendant affirmatively alleges that Plaintiff's claims are barred by the doctrine of waiver.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Defendant affirmatively alleges that Plaintiff's claims are barred by the doctrine of estoppel.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Defendant affirmatively alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Defendant affirmatively alleges that Plaintiff's claims are barred by the doctrine of laches.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Defendant respectfully reserves the right to amend his Answer to add such additional affirmative defenses, cross-claims, counterclaims, and/or third-party complaints as may be disclosed during the course of the captioned matter.

Respectfully submitted,

/s/ John M. Heffernan

BRIAN SPITZ (0068816)
JOHN M. HEFFERNAN (0067354)
THE SPITZ LAW FIRM
4568 Mayfield Rd., Suite 102
Cleveland, OH 44121
Phone: 216.291.8744
Fax: 216.291.5744
john.heffernan@spitzlawfirm.com

THOMAS J. SAMAHA
SAMAHA LAW FIRM, PROF. CORP.
2550 Honolulu Ave., Suite 104
Montrose, CA 91020
Phone: 818.541.1101
Fax: 818.541.1121
Email: tsamaha@samahalaw.com

*Counsel for Defendant John Lewandowski*

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all issues so triable of right by a jury.

/s/ John M. Heffernan
*One of the Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served, via the Court's electronic filing system on June 2, 2008. Notice of this filing will be sent to all Parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *John M. Heffernan*
*One of the Attorneys for the Defendant*

J:\0000 Heffernan\Spitz Law Firm\Lewandowski\200800603 Answer to Amd Cmplt (Cal Style 28).doc